UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARION BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:17CV-763-CRS |
| ) | |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| SERVICES, INC., and SEDGWICK ) | |
| NATIONAL APPEALS UNIT, ) | |
| ) | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Sedgwick Claims Management Services, Inc. ("Sedgwick"), and Sedgwick National Appeals Unit[1] (collectively, "Defendants") hereby remove this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) and in support thereof, states as follows:

1. A civil action was commenced and is now pending in the Circuit Court of Jefferson County, Kentucky, Case No. 17-CI-05944, wherein Marion Bruce is the Plaintiff, and Sedgwick Claims Management Services, Inc., and Sedgwick National Appeals Unit are the Defendants. A copy of Plaintiff's Summons and Complaint filed in state court is attached hereto as **Exhibit A**.

2. Defendants are entitled to remove this civil action pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's Complaint seeks benefits under an employee benefit plan "governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)." (Complaint, ¶ 3).

---

[1] Sedgwick National Appeals Unit is a non-entity and therefore not a proper party to this lawsuit.

3. Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original jurisdiction of this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1003 and 1132(e)(2).

4. Removal to this Court is proper because Plaintiff seeks benefits provided by an ERISA employee benefit plan and because Plaintiff's claims "relate to" an ERISA employee benefit plan. Plaintiff alleges, "This is an action brought by a participant to recover short and long term disability benefits ('STD and 'LTD' respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically a contract for disability insurance benefits." (Complaint ¶ 3). Plaintiff also alleges, "Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute." (*Id*., ¶¶ 20-21). ERISA exclusively governs employee benefit plans, including the benefit plan at issue in this case. ERISA also preempts all state laws that "relate to" employee benefit plans. 29 U.S.C. §§ 1003, 1132(a), and 1144.

5. Venue is proper in this Court.

6. Defendants are removing this action in a timely manner. *See* 28 U.S.C. § 1446.

7. Plaintiff filed the Complaint on or about November 9, 2017. However, Plaintiff used improper addresses in his attempt to serve Defendants with the Summons and Complaint. According to the Complaint, Plaintiff attempted to serve Sedgwick through the Secretary of State via P.O. Box 171186, Memphis, Tennessee, 38187-1865. This P.O. Box is not Sedgwick's Registered Agent for service. *See* attached **Exhibit B**. In addition, Sedgwick National Appeals Unit is a non-entity and cannot be served. Even if it could, the address at which Plaintiff attempted

to serve Sedgwick National Appeals Unit is the address for a third party contractor Sedgwick utilizes to receive correspondence tied to benefit requests. Sedgwick does not maintain an office at Post Office Box 14748, Lexington Kentucky, 40512, the address listed in the Complaint, and it is not a usual place of business of Sedgwick.

8.	Accordingly, Defendants have not been properly served with the Summons or the Complaint. Defendants only learned of this lawsuit because Sedgwick's intake center forwarded the attached **Exhibit A** to Sedgwick's legal department on November 30, 2017. The attached **Exhibit A** was sent to "Sedgwick Nat. App., PO Box 14446, Lex KY 40512" via certified mail. According to the United States Postal Service Tracking system, package number 7017 1070 0000 1813 9704 was delivered to Lexington, Kentucky on November 17, 2017. Defendants have not been served with the Summons or the Complaint. Defendants deny that proper service has been effected or that service is proper and reserve the right to plead insufficient service of process in forthcoming pleadings. Nonetheless, in accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed with the Court within thirty (30) days after Defendants' receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9.	Attached to this Notice of Removal is a copy of the Summons and Complaint that Defendants have confirmed with the Jefferson County Circuit Court Clerk are all that have been filed in the state court. *See* **Exhibit A**.

10.	Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all parties and has filed a copy of this notice in the state court. *See* **Exhibit C**.

WHEREFORE, Defendants hereby remove this action from state court to this Court.

Respectfully submitted,

s/ Lauren A. Wong
John M. Russell (TN #017546)*
Lauren A. Wong (TN # 028118)*
Russell & Oliver, PLC
5178 Wheelis Drive
Memphis, TN 38117
Telephone: (901) 844-4441
Facsimile: (901) 844-4435
johnr@russelloliverlaw.com
laurenw@russelloliverlaw.com

Counsel for Defendants Sedgwick Claims Management Services, Inc., and Sedgwick National Appeals Unit

*Motions for Pro Hac Vice to be Filed*

## CERTIFICATE OF SERVICE

    I hereby certify that this 18th day of December, 2017, I have caused to be filed a true and correct copy of the foregoing via CM/ECF filing upon the attorneys of record.

s/ Lauren A. Wong