# EXHIBIT A

| AOC-105 | Doc. Code: CI | | Case No. **17CI05944** | |
|---|---|---|---|---|
| Rev. 1-07 | | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | | | | |
| Commonwealth of Kentucky | | | County | Jefferson |
| Court of Justice    www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | **CIVIL SUMMONS** | | |

**PLAINTIFF**

MARION BRUCE

**VS.**

**DEFENDANT**

SEDGWICK NATIONAL APPEALS UNIT

PO BOX 14748

Lexington, KY 40512-4748

**Service of Process Agent for Defendant:**

ANY OFFICER OR AGENT

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____NOV 0 9 2017_____, 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

---

NO. **17CI05944**

JEFFERSON CIRCUIT COURT
DIVISION _____

| | | |
|---|---|---|
| MARION BRUCE | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) **COMPLAINT** | |
| | ) | |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES INC. | ) | |
| PO BOX 171186 | ) | |
| MEMPHIS, TN 38187-1865 | ) | |
| | ) | |
| SERVE: | ) | |
| SECRETARY OF STATE | ) | |
| | ) | DEFENDANT |
| AND: | ) | |
| | ) | |
| SEDGWICK NATIONAL | ) | |
| APPEALS UNIT | ) | |
| PO BOX 14748 | ) | |
| LEXINGTON KY 40512-4748 | ) | |
| | ) | |
| | ) | |
| SERVE: | ) | |
| ANY OFFICER OR AGENT | ) | |
| | ) | |

&ast;&ast;&ast;        &ast;&ast;&ast;        &ast;&ast;&ast;

Comes the Plaintiff, MARION BRUCE, by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Sedgwick Claims Management Services Inc. is a corporation doing business in the Commonwealth of Kentucky.  Defendant Sedgwick National Appeal Unit works in

concert with Sedgwick Claims Management Services Inc.  (hereinafter both referred in singular "carrier" or "Defendant" or " Sedgwick")

3.  This is an action brought by a participant to recover short and long term disability benefits ("STD and "LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.

4.  This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

5.  Plaintiff was a full-time employee of GE Appliances ("GE") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 30166840641-0001.  Upon information and belief, although GE, by and through may be financial liable for all or some of the verdict the Plaintiff demands herein, it did not render a disability decision and thusly is not in violation of ERISA protocol.  However, any judgment against Sedgwick must guide GE's pecuniary actions toward Plaintiff. *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 24 EBC 1654 (2000).

6.  As a full time employee, Plaintiff was eligible for, and was participating in the STD and LTD disability plan ("plan") offered by employer.

7.  At all times relevant to this Complaint, the Plan was administered by Sedgwick and at all relevant times Sedgwick remained the so called "plan administrator".

8.   By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled by a litany of disorders both mental and physical which preclude her ability to participate in any exertional level of employment.

9.  Plaintiff applied for and was not approved Short Term Disability benefits ("STD") by Sedgwick.  Said action on part of Plaintiff exhausts administrative remedies under the plan for both LTD and STD.

10. Since the wage replacement plan requires exhaustion of STD to reach LTD said denial of STD is a *de facto* denial of LTD thus entitling Plaintiff to seeks benefits from both plans is this single action. *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1085 (8th Cir. 2009).

11. Sedgwick's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation.  The Defendant Sedgwick fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

12. Sedgwick 's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability. Sedgwick refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits.  Said action is in violation of Sixth Circuit jurisprudence.

13. Sedgwick's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error.  The Claimant is entitled to have the combination of all impairments considered under the Plan.  The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Sedgwick is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16.  Defendant Sedgwick's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Sedgwick was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.  Accordingly, the Plaintiff is entitled to

discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

18. If Plaintiff succeeds in her SSDI case Sedgwick must consider the approval despite its dis-inclusion in the administrative record.   Calvert v. Firstar Finance, 409 F.3d 285 (6th Cir. 2005); Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

19. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

COUNT 1

DENIAL IS IN VIOLATION OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228



David L. Nicholson
Jefferson County Circuit C
Louis D. Brandeis Hall of J
600 West Jefferson Street
Louisville, Kentucky 40202



CERTIFIED MAIL

7017 1070 0000 1813 9704



ZIP 4020
02 4W
000033    $ 006.77
          32 NOV ? 2017

Sedgwick NATI App.
PO Box 14748
Lex. Ky 40512

40512$4748 BC5C

11/17/2017                     301668406410001                     5120171117012260